UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET |
| VERSUS | * | NO. 09-210 |
| CHAD CLARK | * | SECTION "F" |

ORDER AND REASONS

Before the Court is Chad Clark's motion for leave to file out of time appeal. Clark contends that he was deprived of effective assistance of counsel when his counsel failed to file a direct appeal, despite his instruction that counsel do so.

To obtain relief based on ineffective assistance of counsel, a movant must demonstrate both that his attorney's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). "The general rule announced in Strickland ... is modified when the complained of performance results in the actual or constructive denial of any assistance of appellate counsel. In such a case, the petitioner need not demonstrate the typical Strickland-type prejudice because prejudice is presumed." Harris v. Day, 226 F.3d

361, 364 (5th Cir. 2000).

Defense counsel's failure to perfect an appeal on request, or failure to advise his client of the right to appeal and the time limits for perfecting the appeal, constitutes ineffective assistance counsel that entitles the defendant to an out-of-time appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)("[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable"); United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (defense counsel's failure to file a requested appeal is per se ineffective assistance of counsel, even where a defendant has waived his right to direct appeal and collateral review); U.S. v. Johnson, 244 F.3d 134, 2000 WL 1901456, at *2 (5th Cir. 2000) (citing U.S. v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993)); see also U.S. v. West, 240 F.3d 456, 459 (5th Cir. 2001) (where counsel's failure to file a notice of appeal rises to the level of ineffective assistance, the remedy is granting an out-of-time appeal); see also Mack v. Smith, 659 F.2d 23, 25 (5th Cir. 1981).

Because "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time appeal", the judgment-reinstatement procedure set forth by the Fifth Circuit instructs this Court's remedial approach. See West, 240 F.3d at 459 (emphasis in original). This procedure calls for dismissing the petitioner's Section 2255 petition without prejudice

2

and reinstating the petitioner's judgment of conviction to reset the time for which his appeal should run. See Mack, 659 F.2d at 26.[1] This remedies counsel's deficiency in failing to file the requested appeal by providing Clark the opportunity to file a notice of appeal from the re-imposed sentence within the 14 days mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i).

Accordingly, the Court construes Clark's untimely motion for leave to file out of time appeal as a Section 2255 habeas petition,[2] and invokes the judgment-reinstatement procedure: Clark's Section 2255 petition is hereby DISMISSED without prejudice and the Clerk of Court is directed to REINSTATE the criminal judgment.

To file a timely appeal, Clark must file a notice of appeal from the re-imposed sentence within 14 days (as mandated by Federal Rule of Appellate Procedure 4(b)(1)(A)(i)) from the entry of

---

[1] The Fifth Circuit has sanctioned this procedure, noting the distinction between the statutory and judicial remedy: If the district court "choos[es] the judicial remedy, the court must deny the statutory remedy, for it is inconsistent to 'grant' § 2255 relief in name, yet deny it in substance by refusing to apply a remedy it provides." See West, 240 F.3d at 459.

[2] Clark's motion to file out of time appeal is untimely even pursuant to Fed.R.App.P. 4(b)(4).
However, the Fifth Circuit has held that a defendant may obtain relief under Section 2255 where ineffective assistance of counsel leads to a failure to prosecute a direct appeal. United States v. Tapp, 491 F.3d 263, 266 (5th Cir. 2007) (holding that defense counsel's failure to file a requested appeal is per se ineffective assistance of counsel, even where a defendant has waived his right to direct appeal and collateral review).

judgment.

New Orleans, Louisiana, January 26, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

**Clerk Mail To**:

Chad Clark #3119-034
FCI Oakdale
P.O. Box 5000
Oakdale, LA 71463